Garland, J.
delivered the opinion of the court.
The plaintiff claims “ the sixteenth, of a penny on the weight of [379] the cargo of ship Normandie,” from Vicksburg to Liverpool, being 667,035 pounds of cotton, also 13 per cent, premium for exchange on 1737.14s. Id. sterling.
It appears that plaintiff chartered the ship to proceed to Vicksburg and take a cargo of cotton to Liverpool, for which he was to pay 15-1 Cths of a penny sterling per pound, and five per cent, primage, for which the defendant was to pay him a commission of five per cent, on the freight. Although it is not mentioned in the written contract, it is clearly proved that it was understood the cotton was to be compressed. When the ship arrived at Vicksburg, no press was in operation, and compressed cotton could not be obtained. The captain then made a contract with a merchant to take a cargo of cotton not compressed at the rate of a penny and one eighth sterling per pound, and received the quantity stated, which he delivered in Liverpool. Under this last contract, to which the plaintiff was not a party, he claims the sum of $899 24, whether as damages, or as being interested in the contract, the petition does not state.
We cannot in a legal or equitable point of view, see what right he has to claim more than his commission of five per cent, on the freight, which the defendant is willing to allow. If the amount is claimed as having chartered the vessel, the answer is, he was to furnish a cargo and did not comply with his contract at all; if the sum is claimed as the difference between the price contracted for originally and that paid, it can be as satisfactorily met, by reminding the plaintiff he was to furnish compressed cotton, the ship was obliged to take that which was not compressed, and therefore took a less quantity, which was to be made up by the increased price of freight.
If the plaintiff be entitled to any thing on the contract beyond his commission, it would be the difference between fifteen sixteenths of a penny and a penny and an eighth per pound, but the whole evidence satisfies us he was acting as an agent to procure a vessel tor the shippers at Vicksburg, and [380] when she arrived there the principals had a right to make any change in the contract they pleased, which would not deprive him of the commission stipulated to be paid him. Upon a full examination of the case, we do not think the plaintiff entitled to recover more than the sum the defendant acknowledges to owe and legally tendered him.
The judgment of the district court is therefore annulled and reversed; and proceeding to give such judgment as in our opinion ought to have been rendered in the court below, it is further ordered and decreed, that the plaintiff do recover of and have judgment against the defendant, for the sum of one hundred and seven dollars and ten cents; the costs subsequent to the 12th of July, 1838, to be paid by the plaintiff as well as those of this appeal.